# Reeder v. Harborcreek Mutual Fire Insurance Company, Appellant.

*Insurance—Live stock insurance—Sheep—Death by lightning—Evidence—Circumstantial evidence—Question for jury.*

In an action against an insurance company to recover the value of sheep found dead after a night in which a violent thunderstorm prevailed, where there is circumstantial evidence that the sheep were killed by lightning, the case must be submitted to the jury.

Argued April 11, 1910. Appeal, No. 59, April T., 1910, by defendant, from judgment of C. P. Erie Co., Feb. T., 1908, No. 67, on verdict for plaintiff in case of I. R. Reeder v. Harborcreek Mutual Fire Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of live stock insurance. Before WALLING, P. J.

At the trial it appeared that the policy of insurance contained a clause insuring live stock against direct loss by lightning. On the morning of May 4, 1907, the plaintiff discovered thirty-eight sheep and four lambs lying dead on his farm. During the night a severe thunder and lightning storm occurred. There were no marks on the sheep to indicate what caused the death of the sheep, but the work of Camille Flammarion on thunder and lightning was admitted in evidence, and from this it appeared that men and animals may die from a stroke of lightning without having on them any visible marks. The eyes of the sheep were opened. There was evidence that sheep dying from natural causes die with their eyes shut, and that when they die from a stroke of lightning their eyes remain open. It appeared that one of the sheep was partly paralyzed and blinded, and that he afterwards recovered.

The court refused binding instructions for defendant.

438 REEDER *v.* HARBORCREEK M. F. I. CO., Appellant.

Verdict and judgment for plaintiff for $323.40. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*U. P. Rossiter*, of *Thompson, Rossiter & Thompson*, for appellant.—The evidence was not sufficient to support the verdict: Fredericks v. R. R. Co., 225 Pa. 23; Hyatt v. Johnston, 91 Pa. 196.

*J. Orin Wait*, for appellee, cited: Blakeslee v. Scott, 37 Legal Int. 474; Com. v. Harman, 4 Pa. 269; Warren v. Ulrich, 130 Pa. 413; Cromley v. Penna. R. R. Co., 211 Pa. 429.

OPINION BY MORRISON, J., July 20, 1910:

In this action of assumpsit the plaintiff recovered a verdict and judgment thereon for $323.40 for the loss of sheep and lambs killed, as he alleged, by lightning. There is no dispute as to the sudden death of the sheep and lambs on the night of May 3, or morning of May 4, 1907. And that on that night there was a severe rainstorm with heavy lightning and thunder. Nor is it disputed that the defendant company had insured the defendant's sheep and the policy was then in full force. The testimony as to what caused the death of the sheep and lambs is circumstantial, and we think it raised a question for the jury and that it is sufficient to sustain the verdict. We do not agree with the counsel for the appellant that the verdict was based upon guesses, surmises, conjectures or possibilities. Nor do we agree with him that there was no evidence to support the plaintiff's claim. On the contrary, we think there was enough evidence to warrant the jury in finding that the animals were killed by lightning. It is quite true that the jury might have refused to so find on the circumstantial evidence, but it is the misfortune of the defendant that his very able counsel did not succeed in pursuading the jury to find in favor of the defendant. We have carefully examined the evidence and the charge

and rulings of the trial judge and in our opinion the case was tried and submitted to the jury with marked fairness. The sole ground on which we are asked to reverse the judgment is the insufficiency of the evidence, and as we do not agree with this contention it follows that the specifications of error must be overruled.

The judgment is affirmed.